**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| IN THE MATTER OF SHAUN DOWNEY AS OWNER OF 2013 CORRECT CRAFT SUPER AIR NAUTIQUE 230 (HULL SERIAL NO. CTC33142F313) | CASE NO.: <br><br> JUDGE: <br><br> **VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY** |

Plaintiff, Shaun Downey, as owner of the 2013 Correct Craft Super Air Nautique 230 (Hull Serial No. CTC33142F313) by and through its undersigned attorneys, files this Complaint for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. §30501-30512 and Rule F of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Claims, and allege upon information and belief as follows:

1. This is an admiralty or maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 U.S.C. §1333.

2. Venue is proper in this District pursuant to Rule F(9) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Claims, in that the Vessel has not been arrested or attached, no actions have been filed with respect to the claims referred to herein, and the Vessel is within this District.

3. At all times relevant herein, Plaintiff Shaun Downey's residence was 23970 W. Second Street, Grand Rapids, Ohio 43522, and Plaintiff Shaun Downey was the sole owner of the Vessel, a 2013 Correct Craft Super Air Nautique 230 (Hull Serial No. CTC33142F313).

4. The Vessel has always been used as a recreational motor vessel and has never been known to carry passengers or freight for hire; therefore, there are no outstanding amounts due for freight or hire.

5. On June 25, 2022, the Vessel was rafted to another recreational motor vessel, which was under anchor, with a third recreational motor vessel rafted to the anchored vessel, all of which were stationary on the Maumee River in Henry County, Ohio.

6. None of the recreational motor vessels, including the subject Vessel, were underway or under any kind of power.

7. The Maumee River is part of the navigable waters of the United States.

8. Late in the afternoon or early evening of June 25, 2022, Alex Smith, who is the owner of a recreational motor vessel, was one of several individuals participating in a recreational voyage involving the three recreational motor vessels, including the subject Vessel.

9. While on the subject Vessel, Alex Smith, of his own accord, decided to perform diving and/or flipping maneuvers off the wakeboard tower on the subject Vessel into the water.

10. After successfully performing a 1 ½ flip backward dive off the Vessel, Alex Smith decided to try for a two-flip backward dive off the Vessel into the water.

11. While executing the two-flip backward dive from the wakeboard tower on the subject Vessel, Alex Smith struck his head on the wakeboard tower, fell into the water, and drowned.

12. Prior to Alex Smith's diving attempts off the wakeboard tower of the Vessel, Plaintiff exercised due diligence to make and maintain the Vessel seaworthy in all aspects, and the Vessel was in fact staunch, strong, properly equipped, properly maintained, and in all respects seaworthy and fit and proper for use.

13. The death of Alex Smith and any loss, damage, or injury resulting therefrom was not caused or contributed to by any fault or negligence or unseaworthiness on the part of the Vessel or those in charge of it, or of Plaintiff, or of anyone else for whose acts or omissions Plaintiff may be responsible and occurred without the privity or knowledge of Plaintiff.

14. At the present time, demands, claims, or notices of loss have been presented or expected to be presented by the following:

    A. Alex Smith – 17755 Mill St., Grand Rapids, OH 43522
Nature of claim: wrongful death
Amount of claim: Unknown

    B. Rachel Smith, wife of Alex Smith – 1755 Mill St., Grand Rapids, OH 43522
Nature of claim: survivorship, loss of spousal consortium
Amount of claim: Unknown

    C. Adeline Smith, daughter of Alex Smith – 963 Arps Dr., Deshler, OH 43516
Nature of claim: survivorship, loss of parental consortium
Amount of claim: Unknown

    D. Riley Smith, daughter of Alex Smith – 17755 Mill St., Grand Rapids, OH 43522
Nature of claim: survivorship, loss of parental consortium
Amount of claim: Unknown

15. In addition to the above, Plaintiff expects that other claims or demands may be asserted, or suits, actions, or proceedings may be brought against Plaintiff by other parties who may claim to have sustained loss, damage, or injury as a result of the incident described above.

16. Plaintiff avers that the Vessel had a value of Sixty-Five Thousand and No/100 Dollars ($65,000.00) following the incident/voyage of June 25, 2022. (See the Affidavit of Gregory C. Group, Certified Marine Surveyor, attached hereto as Exhibit A.)

17. The full extent of the pecuniary loss and damage resulting from the casualty is not yet known. However, Plaintiff anticipates that the total amount of the claims that have been or will be asserted as a result of the incident/voyage will exceed the value of the Vessel following the incident of Sixty-Five Thousand and No/100 Dollars ($65,000.00).

18. Not more than six months have elapsed since the date of the incident or since the date of the receipt by Plaintiff of any written claim relating thereto.

19. Plaintiff demands exoneration from liability, or in the alternative, the limitation of liability provided by 46 U.S.C. §30501-30512, for any loss, damage, or injury arising out of the casualty and incident/voyage described above, which occurred on June 25, 2022.

20. Plaintiff offers and files with the Court an *Ad Interim* Stipulation for Value and Costs, attached as Exhibit B, in the amount of $70,000.00, representing the value of the Vessel following the incident/voyage referred to above ($65,000.00), plus security for costs in the amount of $1,000.00, pursuant to Supplemental Admiralty Rule F, plus a sufficient amount toward interest that will accrue while this action is pending at the rate of 6% per annum (estimated not to exceed $4,000.00).  If any clamant should by motion demand an increase in the amount of the security, and if the Court should find after due appraisement that the security provided is insufficient, Plaintiff is ready and willing to file when and if so ordered, a further bond or stipulation for value or other approved security pursuant to Rule F(1) of the Supplemental Rules, plus costs.

**WHEREFORE,** Plaintiff Shaun Downey prays:

a. That the Court enter an Order permitting Plaintiff to file the *Ad Interim* Stipulation for Value and Costs to be continued in full force and effect until the value of the Vessel might be more fully determined by due appraisal ordered by the Court, if requested, in which event Plaintiff shall pay into the Court any additional amount or provide additional or superseding security applicable to the Court sufficient to fully cover such appraisal;

b. That the Court enter an Order directing that a Notice be issued pursuant to Supplemental Rule F(4) to all persons or entities claiming loss, damage, or injury

occasioned or incurred by or in any way relating to the casualty hereinabove described, admonishing them to file their claim with the Clerk of this Court and to serve on the attorneys for Plaintiff a copy thereof on or before a date to be named in the Notice;

c. That this Court enter an Order restraining the further prosecution of any and all suits, actions, and proceedings which may have been commenced in any court whatsoever to recover damages for any and all loss, damage, or injury occasioned or incurred by or in any way relating to the casualty hereinabove described against Plaintiff and/or the Vessel;

d. That this Court adjudge that the Plaintiff and the Vessel are not liable for any loss, injury, expense, damage, or claim whatsoever in consequence of the casualty, or in the alternative, that if such liability ever existed, that it be limited to the value of the Plaintiff's interest in the Vessel following the casualty;

e. And for such other and further relief as the justice of the cause may require.

          Respectfully submitted,

_____
**RICHARD A. DI LISI (0042148)**
Attorneys for Plaintiff
4125 Highlander Parkway, Suite 200
Richfield, OH 44286
Direct Dial: (234) 400-3369
Email: DILISIR@nationwide.com

_____
**CHRISTINE GAYNOR, #0066091**
Attorneys for Plaintiff
4125 Highlander Parkway, Suite 200
Richfield, OH 44286
Direct Dial: (419) 205-5364 / Fax: (855) 348-0387
Email: GAYNOC1@nationwide.com

-5-

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN THE MATTER OF THE *
COMPLAINT OF SHAUN DOWNEY *
AS OWNER OF THE 2013 CORRECT
CRAFT SUPER AIR NAUTIQUE 230 *
(HULL I.D. CTC33142F313) Civil Action No. _____
FOR EXONERATION FROM OR *
LIMITATION OF LIABILITY
_____/

### AFFIDAVIT OF VALUE

STATE OF OHIO )
 ) ss:
COUNTY OF LAKE )

Before me, the undersigned authority, a notary public, personally appeared Gregory G. Group [99], Certified Marine Surveyor, who being duly sworn, did depose and state as follows:

1. I, Gregory G. Group [99], am a competent person over 18 years of age and give this Affidavit based upon my own personal knowledge.

2. I am the owner of Great Lakes Marine Surveyors Co., Inc., a marine survey firm located in Lake County, Ohio.

3. I have been actively working as a marine surveyor in Ohio for more than 40 years.

4. I am a Certified Marine Surveyor with NAMS, an International Association of Marine Surveyors.

5. In the course of my work as a marine surveyor, I have occasion to survey numerous vessels that have been involved in marine casualties/incidents including fires, sinkings, collisions, etc. As part of my surveys, I am often assigned to determine the

EXHIBIT A

value of vessels, the seaworthiness of vessels, the nature and extent of any damage to vessels, estimates of the cost to repair any damage to vessels, and estimates of the post-incident value of vessels, to name a few.

6. I inspected the 2013 Correct Craft Super Air Nautique 230, Hull Serial No. CTC33142G313 at issue in this case (the "Vessel").

7. As a result of my inspection and appraisal of the Vessel, I determined that the post-incident value of the Vessel is $65,000.00.

FURTHER AFFIANT SAYETH NAUGHT.

Gregory G. Group, CMS NAMS
Certified Marine Surveyor
Great Lakes Marine Surveyors Co., Inc.
P.O. Box 449
Mentor, OH 44061-0449

BEFORE ME, Gregory G. Group, Certified Marine Surveyor, personally appeared, and ( ✓ ) is personally known to me or (____) produced a copy of his Driver's License as proof of identification.

SWORN AND SUBSCRIBED before me this _12_ day of December, 2022.

Notary Public, State of Ohio
My commission expires: _____

Kathy A. Richmond
Notary Public, State of Ohio
My Commission Expires
May 1, 2025

2

# IN THE UNITED STATES DISTRICE COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF SHAUN DOWNEY AS OWNER OF 2013 CORRECT CRAFT SUPER AIR NAUTIQUE 230 (HULL SERIAL NO. CTC33142F313) | ) CASE NO.: <br> ) <br> ) JUDGE: <br> ) <br> ) <br> ) ***AD INTERIM* STIPULATION FOR** <br> ) **VALUE AND COSTS** <br> ) <br> ) <br> ) <br> ) |

**WHEREAS**, Plaintiff Shaun Downey, as owner of the 2013 Correct Craft Super Air Nautique 230 (Hull Serial No. CTC33142F313) is commencing an action in this Court for Exoneration from or Limitation of Liability with respect to any and all loss, injury, or damage arising out of an incident involving the Vessel on or about June 25, 2022, as more fully se forth in the Verified Complaint filed herein;

**WHEREAS**, Plaintiff prays that the Court issue Notice to all persons asserting claims with respect to any loss, damage, or injury arising out of the aforesaid incident, instructing all interested parties to file their respective Claims and Answers to the Verified Complaint herein, and to issue an Injunction enjoining the commencement and/or further prosecution of all actions, suits, and proceedings with respect to such claims against Plaintiff, the Vessel, or other property of Plaintiff, except in this action; and

**WHEREAS**, Plaintiff wishes to prevent the commencement or prosecution hereafter of any and all suits, actions, and/or legal proceedings of any nature or description whatsoever in any

EXHIBIT B

-1-

and all courts, and also wishes to provide an *Ad Interim* Stipulation for Value and Costs pending the ascertainment by reference of the amount or value of the Vessel and its pending freight (in this instance, there is/was no freight), as well as security for costs.

**NOW THEREFORE,** in consideration of the premises, Nationwide Property and Casualty Insurance Company ("Nationwide"), issuer of a Pleasure Boatowners Policy pertaining to the subject Vessel, having an office and place of business at 1100 Locust Street, Des Moines, Iowa 503914, hereby undertakes the sum of $65,000.00 for the benefit of claimants, which sum represents the value of the Vessel following the incident referred to in the Complaint, plus security for costs ($1,000.00) as required by Supplemental Rule F, plus a sufficient amount to cover interest at the rate of 6% per annum ($4,000.00) while this case is pending, and further undertakes that, if so ordered by this Court, Plaintiff will pay into the Registry of this Honorable Court within ten (10) days after the entry of an order confirming due appraisement of the amount or value of the Vessel, or will file in this proceeding a bond or stipulation of value in such amount in the usual form of surety, and that pending payment into Court of such amount or the giving of a stipulation for value thereof, this Undertaking shall stand as security for all claims in said limitation proceedings.

Nationwide Property and Casualty Insurance Company hereby submits itself to the jurisdiction of this Court for the sole purpose of providing this *Ad Interim* Stipulation for Value and Costs in the above action, and agrees to abide by all Orders of the Court in the action, and to pay all amounts awarded by any final judgment rendered by the Court (after appeal, if any), in the action, up to the principal amount of the Undertaking with interest as aforesaid, unless in the meantime the amount of the value of Plaintiff's interest in the Vessel shall be paid into the Court or a stipulation for value thereof shall be given as aforesaid, in which event this Undertaking shall be void.

It is understood and agreed that the execution of this Undertaking by Michael Ward shall not be construed as being binding upon him personally but is to be binding ONLY upon Nationwide Property and Casualty Insurance Company.

Dated: 12-15-2022

Nationwide Property and Casualty Insurance Company

By: _____
Michael Ward

## VERIFICATION IN ACCORDANCE WITH 28 U.S.C. §1746

I, Shaun Downey, am the sole owner of a 2013 Correct Craft Super Air Nautique, bearing Hull Serial Number CTC33142F313, and was the owner of said Vessel at the time of the incident referred to in the foregoing Verified Complaint. I have read the foregoing Verified Complaint and know the contents therefore and the same are true to the best of my knowledge, information and belief. The sources of my information and the grounds of belief as to all matters not stated in the Complaint to be alleged upon my personal knowledge are reports made to me by my insurer, my attorneys, and their representatives.

As provided by 28 U.S.C. §1746(2), I declare under the penalty of perjury that the foregoing is true and correct.

Executed this _16_ day of _DECEMBER_, 2022.

_____
Shaun Downey

## VERIFICATION IN ACCORDANCE WITH 28 U.S.C. §1746

I, Shaun Downey, am the sole owner of a 2013 Correct Craft Super Air Nautique, bearing Hull Serial Number CTC33142F313, and was the owner of said Vessel at the time of the incident referred to in the foregoing Verified Complaint. I have read the foregoing Verified Complaint and know the contents therefore and the same are true to the best of my knowledge, information and belief. The sources of my information and the grounds of belief as to all matters not stated in the Complaint to be alleged upon my personal knowledge are reports made to me by my insurer, my attorneys, and their representatives.

As provided by 28 U.S.C. §1746(2), I declare under the penalty of perjury that the foregoing is true and correct.

Executed this __16__ day of __DECEMBER__, 2022.

_____
Shaun Downey